UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

GREGG FREISHTAT, as
Shareholders' Representative,

        Plaintiff,

v.

LIVEPERSON, INC.,

        Defendant.

Civil Action No. 1:07-CV-6838-JGK

ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM
OF DEFENDANT LIVEPERSON, INC.

Defendant LivePerson, Inc. ("LivePerson"), by and through its undersigned counsel, hereby answers the Complaint of Plaintiff Gregg Freishtat ("Mr. Freishtat"). LivePerson denies any allegations not specifically admitted to herein, and answers specifically the allegations of the Complaint as follows:

THE PARTIES

1. LivePerson admits, upon information and belief, the allegation contained in Paragraph 1 of the Complaint.

2. LivePerson admits the allegations contained in Paragraph 2 of the Complaint

JURISDICTION AND VENUE

3. No answer is required to the allegations contained in Paragraph 3 of the Complaint, which merely consist of conclusions of law.

4. No answer is required to the allegations contained in Paragraph 4, which merely consist of conclusions of law.

## COMMON FACTUAL ALLEGATIONS

### The Merger Agreement

5. LivePerson admits that it is a provider of online conversion solutions, and that its hosted software enables companies to identify and proactively engage online visitors to increase sales, satisfaction and loyalty while reducing service costs, but otherwise denies the allegations contained in Paragraph 5 of the Complaint.

6. LivePerson admits the allegations contained in Paragraph 6.

7. LivePerson admits the allegations contained in Paragraph 7.

8. LivePerson admits that it entered into an Agreement and Plan of Merger with, *inter alia*, Proficient Systems, Inc., dated as of June 22, 2006 (the "Merger Agreement"), but denies the remaining allegations of Paragraph 8 to the extent that they are inconsistent with the express terms of said Merger Agreement, which itself details the agreement between the parties.

9. LivePerson admits that the acquisition of Proficient positioned LivePerson to capitalize on the growing demand for proactive chat technology in key vertical markets, and that LivePerson and Proficient developed an integration strategy to deliver a broader range of products, services and capabilities to new and existing customers. LivePerson admits further that Annex I, Annex II, and Annex III to the Merger Agreement list Proficient's then-current or prospective customers, but denies the remaining allegations contained in Paragraph 9.

10. LivePerson admits that the quoted language is a portion of Section 6.09 of the Merger Agreement, but denies the remaining allegations contained in Paragraph 10, to the extent that they are inconsistent with the express terms of said Merger Agreement.

### The Earn-Out Payment

11.     LivePerson admits that the quoted language is a portion of Section 2.04(b)(iii) of the Merger Agreement, but denies the remaining allegations contained in Paragraph 11, to the extent that they are inconsistent with the express terms of said Merger Agreement.

12.     LivePerson admits that the quoted language is a portion of Section 1.01 of the Merger Agreement, but denies the remaining allegations contained in Paragraph 12, to the extent that they are inconsistent with the express terms of said Merger Agreement.

13.     LivePerson denies the allegations contained in Paragraph 13, to the extent that they are inconsistent with the express terms of Section 2.04(b)(i) of the Merger Agreement.

14.     LivePerson admits that counsel for LivePerson furnished counsel for Mr. Freishtat an Earn-Out Notice, dated May 9, 2007, and admits that the quoted language constitutes a portion of said Earn-Out Notice, which is attached to the Complaint as Exhibit B.  Upon information and belief, LivePerson admits that said Notice was received on or about May 11, 2007.

15.     LivePerson admits the allegation contained in Paragraph 15.

16.     LivePerson admits the allegation contained in Paragraph 16.

### The Review Period

17.     LivePerson admits the allegations contained in Paragraph 17.

18.     LivePerson admits that the quoted language constitutes a portion of Section 2.04(b)(iv) of the Merger Agreement.

19.     LivePerson admits that it provided Mr. Freishtat with a draft of the earn-out, and that it received a letter from Mr. Freishtat's counsel, dated April 24, 2007, which is attached to

the Complaint as Exhibit C, but denies the remaining allegations contained in Paragraph 19, to the extent that they are inconsistent with the express terms of said letter.

20.    LivePerson admits that on or about May 10, 2007, LivePerson provided relevant documentation to Mr. Freishtat, but denies the remaining allegations contained in Paragraph 20.

21.    LivePerson admits that it received a letter from Mr. Freishtat's counsel, dated May 17, 2007, and admits that the quoted language constitutes a portion of said letter, which is attached to the Complaint as Exhibit D, but denies the remaining allegations contained in Paragraph 21.

22.    LivePerson admits that its counsel received a letter from Mr. Freishtat's counsel, dated May 23, 2007, which is attached to the Complaint as Exhibit E, but denies the remaining allegations contained in Paragraph 22.

23.    LivePerson admits that additional documents were provided to Mr. Freishtat under cover letters of May 24 and 25, 2007. LivePerson admits that the quoted language constitutes a portion of said May 24, 2007 letter, and admits that it understood that the information provided constituted all information required for Mr. Freishtat's good faith review, but denies the remaining allegations contained in Paragraph 23.

24.    LivePerson admits that it received a letter from Mr. Freishtat's counsel, dated May 25, 2007, which is attached to the Complaint as Exhibit F, but denies the remaining allegations contained in Paragraph 24.

25.    LivePerson admits that it invited Mr. Freishtat's outside consultants to come to LivePerson's New York offices for the purpose of reviewing additional documentation, that was deemed too sensitive for copying and distribution outside of LivePerson's offices, and that on May 30 and 31, 2007, Mr. Freishtat's outside consultants conducted this review on-site at

LivePerson's offices. LivePerson admits further that it received a letter from Mr. Freishtat's counsel, dated May 29, 2007, which is attached to the Complaint as Exhibit G, but denies the remaining allegations contained in Paragraph 25.

26.   LivePerson admits that outside consultants for Freishtat reviewed information and documentation at LivePerson's New York offices on May 30 and 31, 2007. LivePerson admits further that Mr. Kovach worked with said outside consultants to ascertain their requests and provide relevant documentation for on-premise review, and that said documentation was deemed too sensitive for copying and removing from the premises, but denies the remaining allegations contained in Paragraph 26.

27.   LivePerson admits that it received a letter from Mr. Freishtat's counsel, dated June 15, 2007, which is attached to the Complaint as Exhibit H, but denies the remaining allegations contained in Paragraph 27.

28.   LivePerson admits that the quoted language constitutes a portion of LivePerson's letter to Mr. Freishtat's counsel, dated June 22, 2007, but denies the remaining allegations contained in Paragraph 28.

29.   LivePerson admits that it received a letter from Mr. Freishtat's counsel, dated June 28, 2007, which is attached to the Complaint as Exhibit I, but denies the remaining allegations contained in Paragraph 29.

30.   LivePerson admits that the quoted language constitutes a portion of LivePerson's e-mail to Mr. Freishtat's counsel, sent July 3, 2007, but denies the remaining allegations contained in Paragraph 30.

31.     LivePerson admits that additional documents were provided to Mr. Freishtat under cover letter of July 6, 2007, but denies the remaining allegations contained in Paragraph 31.

32.     LivePerson admits that it received a letter from Mr. Freishtat's counsel, dated July 10, 2007, which is attached to the Complaint as Exhibit J, but denies that it was delivered to LivePerson at any time prior to July 16, and LivePerson otherwise denies the remaining allegations contained in Paragraph 32.

33.     LivePerson admits that additional documents were provided to Mr. Freishtat under cover letter of July 17, 2007, but denies the remaining allegations contained in Paragraph 33.

### The Earn-Out Dispute Notice

34.     LivePerson admits that it received an Earn-Out Dispute Notice from Mr. Freishtat's counsel, dated July 9, 2007, which is attached to the Complaint as Exhibit K, but denies the remaining allegations contained in Paragraph 34, to the extent that they are inconsistent with the express terms of said Notice.

35.     LivePerson admits that the quoted language constitutes a portion of Mr. Freishtat's July 9, 2007 Earn-Out Dispute Notice.

36.     LivePerson admits that Section 2.04(b)(v) of the Merger Agreement includes a provision for an Accounting Referee, but denies the remaining allegations contained in Paragraph 36, to the extent that they are inconsistent with the express terms of said Merger Agreement.

37.     LivePerson denies the allegation contained in Paragraph 37.

### COUNT I: DECLARATORY JUDGMENT

38. No answer is required to the statement contained in Paragraph 38.

39. LivePerson admits that this Count purports to be an action for declaratory judgment, pursuant to 28 U.S.C. § 2201.

40. LivePerson denies the allegations contained in Paragraph 40.

41. LivePerson denies the allegations contained in Paragraph 41.

42. LivePerson admits that it contends that some of the information requested by Mr. Freishtat over the period from April 24, 2007 through July 10, 2007 exceeds the scope of Supporting Documentation to which Mr. Freishtat is entitled pursuant to the terms of the Merger Agreement. LivePerson further admits that, notwithstanding this contention, it has provided voluminous documentation to Mr. Freishtat, and has opened its books and records to the on-site inspection of Mr. Freishtat's accounting consultants from Ernst & Young, in an effort to provide the Shareholders' Representative with all of the information and documentation requested to evaluate preparation of the Earn-Out Notice.

43. LivePerson denies the allegations contained in Paragraph 43.

44. LivePerson denies the allegations contained in Paragraph 44.

45. LivePerson denies the allegations contained in Paragraph 45, and denies that Mr. Freishtat is entitled to any relief.

## COUNT II: INJUNCTIVE RELIEF

46. No answer is required to the statement contained in Paragraph 46.

47. LivePerson denies the allegations contained in Paragraph 47.

48. LivePerson denies the allegations contained in Paragraph 48.

49. LivePerson denies the allegations contained in Paragraph 49.

50. LivePerson denies the allegations contained in Paragraph 50.

51. LivePerson denies the allegations contained in Paragraph 51.

52. LivePerson denies the allegations contained in Paragraph 52, and denies that Mr. Freishtat is entitled to any relief.

## COUNT III: BREACH OF MERGER AGREEMENT

53. No answer is required to the statement contained in Paragraph 53.

54. LivePerson admits that it has obligations pursuant to Section 6.09 of the Merger Agreement, but denies the remaining allegations contained in Paragraph 54, to the extent that they are inconsistent with the express terms of said Merger Agreement.

55. LivePerson denies the allegations contained in Paragraph 55, including each and every allegation contained in subsections (a) through (c).

56. LivePerson denies the allegations contained in Paragraph 56.

57. LivePerson admits the allegation contained in Paragraph 57.

58. LivePerson denies the allegations contained in Paragraph 58, including each and every allegation contained in subsections (a) through (f).

59. LivePerson denies the allegations contained in Paragraph 59.

60. LivePerson denies the allegation contained in Paragraph 60.

61. LivePerson denies the allegations contained in Paragraph 61.

62. LivePerson denies the allegations contained in Paragraph 62, and denies that Mr. Freishtat is entitled to any relief.

## FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

Plaintiff's Complaint is premature and unripe for adjudication.

## THIRD DEFENSE

Plaintiff has failed to exhaust necessary remedies before filing this Complaint, and as such, venue is improper.

## COUNTERCLAIM: BREACH OF MERGER AGREEMENT

1.  Section 2.04(b)(i) of the Merger Agreement provides:

    As part of the Aggregate Merger Consideration, the Shareholders may be entitled to receive up to 2,050,000 shares of Parent Common Stock (the "*Earn-Out Payment*") ... Specifically, the Shareholders may be entitled to receive, at the Earn-Out Closing (as defined below), (I) up to 2,000,000 shares of Parent Common Stock, based upon the following formula: (W) 0.93 shares of Parent Common Stock for each $1.00 of Net Annualized Revenue (as more fully described below), less (X) 2,000,000 shares of Parent Common Stock, but (Y) in the event that the foregoing calculation results in a negative number, no additional shares of Aggregate Merger Consideration shall be payable as set forth in an Earn-Out Notice (as more fully described below), and (Z) in the event that the foregoing calculation results in a figure in excess of 2,000,000 shares of Parent Common Stock, only 2,000,000 shares of Parent Common Stock shall be payable under this section; and (II) an additional 50,000 shares of the Aggregate Merger Consideration shall be payable to the Shareholders in the event that Net Annualized Revenue equals or exceeds $4,500,000.

2.  The Earn-Out Notice was executed on May 9, 2007.

3.  The Earn-Out Notice contained certain calculations that resulted in an overpayment of shares of Parent Common Stock to the Proficient Shareholders that constituted a substantial portion of the Earn-Out Payment.

WHEREFORE, LivePerson respectfully requests that this Court enter judgment:

(a)  Referring this dispute to an Accounting Referee of the Court's choosing, and staying this action until said Accounting Referee has come to a final decision;

(b) Granting LivePerson repayment of all amounts beyond that to which the Proficient Shareholders were entitled pursuant to Section 2.04(b)(i) of the Merger Agreement; and

(c) Awarding such further relief to LivePerson as this Court deems just and proper.

Respectfully submitted,

Dated: August 17, 2007

By: s/ Justina L. Geraci
Douglas Curtis (DC2076)
Brian B. Margolis
Justina L. Geraci (JG0007)
WILMER CUTLER PICKERING
HALE AND DORR LLP
399 Park Avenue
New York, NY 10022
Tel: 212-230-8800
Fax: 212-230-8888
douglas.curtis@wilmerhale.com

*Attorneys for Defendant LivePerson, Inc.*

-11-

## Certificate of Service

I certify that a true and correct copy of Defendant LivePerson, Inc.'s Answer, Affirmative Defenses and Counterclaim was served upon the following counsel of record on August 17, 2007, by electronic and first-class mail:

Christopher G. Campbell
Arthur D. Brannan
DLA Piper US LLP
1201 West Peachtree Street
Suite 2800
Atlanta, Georgia 30309-3450

Justina L. Geraci