UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GREGG FREISHTAT, as Shareholders' Representative, : : : | |
| Plaintiff, : : | Civil Action No. 1:07-CV-6838-JGK |
| v. : : | |
| LIVEPERSON, INC., : : | |
| Defendant. : : | |

## [PROPOSED] STIPULATED PROTECTIVE ORDER

Plaintiff Gregg Freishtat, as Shareholders' Representative ("Freishtat"), and Defendant LivePerson, Inc. ("LivePerson"), by and through their respective undersigned counsel, hereby stipulate to and request the entry of the following Protective Order:

1. All documents, materials, items, and/or information produced either by a party or by a third party (a "producing party") to any of the parties in this case (a "receiving party") shall be governed by this Protective Order.

2. A producing party may designate any information or materials it produces in this action as "Confidential" under the terms of this Protective Order (collectively referred to herein as "Confidential Information"). Absent a specific order by this Court, Confidential Information shall be used by a receiving party solely in connection with this litigation or other attempt(s) to resolve the parties' differences, and not for any business, competitive, or governmental purpose or function, or any other litigation, and such information shall not be disclosed to anyone except as provided herein.

3. As a general guideline, information or materials designated as "Confidential" shall be those things that may be disclosed to the parties for the purposes of the litigation, but which must be protected against disclosure to third parties. Examples of such information or materials include materials a party reasonably and in good faith believes contain or disclose information that the party, in the ordinary course of business, does not or would not publicly disclose, or information that a party is under a preexisting obligation to maintain as confidential.

4. The designation of information or material as "Confidential" for purposes of this Protective Order shall be made in the following manner by the producing party:

(a) in the case of documents, exhibits, briefs, memoranda, interrogatory responses, responses to requests for admission, or other tangible materials (apart from depositions or other pretrial testimony): by affixing the legend "Confidential" to each page or tangible materials containing any Confidential Information at the time such documents are produced or disclosed, or as soon thereafter as the producing party becomes aware of the confidential nature of the information or material disclosed and sought to be protected hereunder. No liability or sanctions, however, shall arise or be imposed for any disclosure by a receiving party before such post-production designation to those not authorized to view the materials under this Protective Order after such post-production designation.

(b) in the case of depositions or other pretrial testimony: (i) by a statement on the record, by counsel, during such deposition or other pretrial proceeding, that the entire transcript or a portion thereof shall be designated as "Confidential"

hereunder; or (ii) by written notice of such designation sent by counsel to all parties within ten (10) calendar days after the mailing (via overnight mail) to lead counsel and to counsel identified on the transcript of the deposition.  The parties shall treat all deposition and other pretrial testimony as Confidential hereunder until the expiration of ten (10) calendar days after the mailing (via overnight mail) by the court reporter to counsel of the final version of the transcript of the testimony.  Unless so designated, any confidentiality is waived after the expiration of the ten (10) calendar day period unless otherwise stipulated or ordered.  The parties may modify this procedure for any particular deposition or proceeding through agreement on the record at such deposition or proceeding or otherwise by written stipulation, without further order of the Court; provided, however, that any such modification is subject to review by the Court, if appropriate.  If any Confidential Information is disclosed during the course of a deposition, that portion of the deposition record reflecting such Confidential Information shall be sealed and stamped with the designated degree of confidentiality, and access thereto shall be limited pursuant to the other terms of this Protective Order.

(c) with respect to any testimony elicited during any deposition, whenever counsel for any party deems that any question or line of questioning calls for or has resulted in disclosure of Confidential Information and any person is in attendance at the deposition who is not qualified to receive such information pursuant to this Order, and such person is not the witness being examined,

such person shall be excluded from those portions of the proceeding during which disclosure of the Confidential Information occurs.

5. Information or material designated as "Confidential," or copies or extracts therefrom and compilations and summaries thereof, may be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only to the following persons:

    (a) the parties' respective outside counsel ("Outside Counsel") in this action, and regular and temporary employees of such counsel to whom it is necessary that the information or material be shown for the purposes of this litigation;

    (b) In the case of the Shareholders, Gregg Freishtat, Steve Hufford, and other Shareholders designated by the Shareholders' Representative, and in the case of LivePerson, designated employees, to the extent that the assistance of Mr. Freishtat, Mr. Hufford, or other Shareholders designated by the Shareholders' Representative, or of the designated employees is needed by counsel for the purposes of this litigation, subject to and conditioned upon compliance with Paragraph 6 herein; however, such persons may retain copies of information or material designated as "Confidential" only in a location exclusively within their control such as a secure office, locked file cabinet or a location that is controlled by outside counsel;

    (c) consultants who have been retained by a party or counsel of record in this litigation for purposes of assisting in the preparation of this litigation for trial (such as independent accountants, statisticians, economists, technical

consultants or other technical experts), subject to and conditioned upon compliance with Paragraph 6 herein;

(d) the Court, Court personnel, jurors, and others employed by the Court;

(e) court reporters and employees of court reporters engaged in connection with this action to record and transcribe testimony in this litigation and videographers who have agreed to be bound by and comply with this Protective Order, except with respect to Paragraph 16 herein;

(f) any outside copy services who have agreed to be bound by and comply with this Protective Order;

(g) third party contractors, including their employees and agents, involved solely in one or more aspects of graphics or design services for purposes of preparing demonstrative exhibits, organizing, filing, copying, coding, converting, sorting, translating, or retrieving data or designing programs for handling data connected with this action, including the performance of such duties in relation to a computerized litigation support system, subject to and conditioned upon compliance with Paragraph 6 herein;

(h) non-technical jury or trial consulting services retained by counsel for a party, subject to and conditioned upon compliance with Paragraph 6 herein;

(i) any authors or recipients of the information or materials marked Confidential and, in the case of information or materials prepared in connection with the author's employment, any witnesses currently employed by the same entity that employed the author at the time the information or materials were created; and

5

  (j) any other person only upon order of the Court or upon written consent of the producing party.

6. All persons listed in Paragraphs 5(b), (c), (g), or (h), above may be given access to information or material designated as "Confidential," only after they first confirm their understanding and agreement to abide by the terms of this Protective Order by completing and signing a copy of an undertaking in the form attached hereto as Exhibit A.

7. For applications and motions to the Court with which a party submits Confidential Information, all documents and chamber copies containing the materials so marked shall be filed with the Court in sealed envelopes or other appropriate sealed containers. The word "Confidential" shall be stamped on the envelope and a statement substantially in the following form shall also be printed on the envelope(s):

> **This envelope is sealed pursuant to Order of the Court, contains Confidential Information and is not to be opened or the contents revealed, except by Order of the Court or agreement by the parties.**

8. No party shall be obligated to challenge the propriety of the designation of any Confidential Information and a failure to do so shall not preclude any subsequent objection to such designation or motion to seek permission to disclose such material or the information contained therein to persons not identified in this Order, or from otherwise modifying the provisions of this Order.

9. A party may challenge another party's designation of Confidential Information by serving a written objection upon the producing party. The producing party shall notify the challenging party in writing (via overnight delivery) of the bases for the asserted designation within five (5) business days after receiving any written objection. The parties shall confer in good faith as to the validity of the designation within three (3) business days after the challenging party has received the notice of the bases for the asserted designation. To the

extent the parties are unable to reach an agreement as to the designation, the objecting party may make an appropriate application to this Court, with confidential portions thereof to be kept under seal, requesting that specifically identified documents, information, and/or deposition testimony be excluded from the provisions of this Protective Order.  Until a dispute over the asserted designation is finally resolved by the parties or the Court, all parties and persons shall treat the information or materials in question as Confidential Information.

10.  A producing party may seek greater protection of Confidential Information at any time, by moving the Court for an Order designating specific materials or information as "Highly Confidential – Attorneys' Eyes Only."

11.  Entering into, agreeing to, and/or producing or receiving Confidential Information or otherwise complying with the terms of this Protective Order shall not:

(a) operate as an admission, or create an inference, by any party that any Confidential Information contains or reflects trade secrets, proprietary or commercially sensitive information, or any other type of confidential information;

(b) operate as an admission by any party that the restrictions and procedures set forth herein constitute or do not constitute adequate protection for any particular Confidential Information;

(c) prejudice in any way the rights of the parties to object to the production of documents they consider not subject to discovery;

(d) prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony or other evidence subject to this Protective Order;

(e) prejudice in any way the rights of a party to seek a determination by the Court whether any information or material should be subject to the terms of this Protective Order;

(f) prejudice in any way the rights of a party to petition the Court for a further protective order relating to any purportedly confidential information or persons to whom such information may be disclosed;

(g) prevent the parties to this Protective Order from agreeing in writing or on the record during a deposition or hearing in this action to alter or waive the provisions or protections provided for herein with respect to any particular information or material produced by the parties; or

(h) be construed to require disclosure of information, documents or tangible things that counsel contends is protected from disclosure by the attorney-client privilege, the attorney work-product immunity, or any other applicable privilege or immunity. A producing party may produce a redacted version of information, documents, or tangible things that counsel contends is protected from disclosure by the attorney-client privilege, the attorney work-product immunity, or any other identified applicable privilege or immunity, identifying where the privileged or immune material was redacted with the designation "Redacted-Privileged" or other suitable designation.

12. This Protective Order has no effect upon, and shall not apply to, a party's use or disclosure of its own confidential information for any purpose. If a party claims it has obtained Confidential Information lawfully and independently of any proceedings in this action, or which:

(a) was already known to such party by lawful means prior to acquisition from, or disclosure by, another party in this action; or

(b) is or becomes publicly known through no fault or act of such party; or

(c) is rightfully received by such party from a third party which has authority to provide such information or material and without restriction as to disclosure, such party may challenge the continued designation in accordance with Paragraph 9 above, including detailed reasons for the objection to the continued designation.

13. Any producing party who inadvertently fails to designate Confidential Information or otherwise wishes to change the designation of confidentiality under this Protective Order, may later do so, and such document/information shall be treated by all other parties as being so designated from the time of the notification in writing of the inadvertent designation. A producing party shall correct its failure to designate an item as Confidential Information in writing accompanied by substitute copies of each item, container or folder, appropriately marked with the proper confidentiality designation pursuant to this Protective Order. The inadvertent disclosure of Confidential Information by the producing party in producing discovery, regardless of whether the information was designated as such at the time of disclosure, shall not be treated as a waiver in whole or in part of a producing party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject, and each party agrees to make reasonable efforts to preserve the confidentiality of the inadvertently disclosed information. As soon as the receiving party has notice of the inadvertent production, the receiving party must endeavor in good faith to obtain all copies of the document which it distributed or

disclosed to persons not authorized to access such information by Paragraphs 5 and 8 above, as well as any copies made by such persons.

14. If a producing party inadvertently or mistakenly produces information, documents or tangible items that should have been withheld subject to a claim of attorney-client privilege or work-product immunity, such production shall presumptively not prejudice such claim or otherwise constitute a waiver of any claim of attorney-client privilege or work-product immunity for such information, provided that the producing party promptly makes a good-faith representation that such production was inadvertent or mistaken and takes prompt remedial action to withdraw the disclosure. Within three (3) business days of receiving a written request to do so from the producing party, the receiving party shall return to the producing party any documents or tangible items that the producing party represents are covered by a claim of attorney-client privilege or work-product immunity and were inadvertently or mistakenly produced. The receiving party shall also destroy any extra copies or summaries of, or notes (other than those regarding the type of information (*e.g.*, letter, memo, etc.), date, author, addressee(s) and other recipients) relating to, any such inadvertently or mistakenly produced information; provided, however, that this Protective Order shall not preclude the party returning such information from making a motion to compel production of the returned information. The producing party shall retain copies of all returned documents and tangible items for further disposition and, if such a motion is filed, shall provide copies to the Court of the documents, items, or information which are the subject of the motion. For inadvertent or mistaken disclosure to the Court in Court proceedings, the producing party shall promptly notify and seek authorization of the Court to take appropriate corrective measures to remove such disclosures from the Court record.

15. Information produced by a third party in this proceeding and designated in conformity with the provisions of this Protective Order shall be subject to the provisions herein and provide the third party with all of the rights and obligations set forth herein. In order to expedite third party discovery, a copy of this Protective Order and a letter generally informing the third party of its right to invoke the protections set out herein shall be served with all such discovery.

16. Within sixty (60) days after receiving notice of the entry of an order, judgment or decree finally disposing of this action, including any appeals therefrom, all persons bound by the provisions of this Protective Order who have received Confidential Information hereunder shall return such material and all copies thereof (including summaries and excerpts) to counsel for the producing party or, alternatively, shall destroy such material and provide written certification of such destruction to counsel for the producing party. Notwithstanding the foregoing, Counsel described in Paragraph 5(a) above shall be entitled to retain court papers, deposition transcripts and attorney work product (including court papers, transcripts, and attorney work product that contain information or material designated as "Confidential"). All materials returned to the parties or their counsel by the Court likewise shall be disposed of in accordance with this paragraph.

17. If any party (a) is subpoenaed in another action, (b) is served with a demand in another action to which it is a party, or (c) is served with any other legal process by one not a party to this action, seeking Confidential Information that was produced by someone other than that party, the party shall give prompt actual written notice, by hand or facsimile transmission, within ten (10) days of receipt of such subpoena, demand or legal process, to those who produced the Confidential Information, shall furnish the producing party with a

copy of said subpoena or other process or order, and shall reasonably cooperate with respect to any procedure sought to be pursued by the party whose interest may be affected. The producing party asserting the confidential treatment shall have the burden of defending against such subpoena, process or order. Nothing herein shall be construed as requiring the party or anyone else covered by this Protective Order to challenge or appeal any order requiring production of information or material covered by this Protective Order, or to subject itself to any penalties for noncompliance with any legal process or order, or to seek any relief from this Court.

18. Nothing in this Protective Order shall bar or otherwise restrict any attorney from rendering advice to a party-client or, in the course thereof, relying upon his or her knowledge of Confidential Information; provided, however, that in rendering such advice the attorney shall not disclose any Confidential Information received from another party or third party to unauthorized persons.

19. The provisions in this Protective Order shall supercede the parties' Confidentiality Agreement dated May 30, 2007, and shall survive the termination of this Action.

APPROVED AS TO FORM:


/s/ Arthur D. Brannan                                       /s/ Douglas F. Curtis

Christopher G. Campbell  (CC3940)           Douglas F. Curtis  (DC2076)
Arthur D. Brannan  (*admitted pro hac vice*)    Justina L. Geraci   (JG0007)
Anthony D. Lehman  (*admitted pro hac vice*)   **WILMER CUTLER PICKERING HALE AND DORR LLP**
**DLA PIPER US LLP**                                399 Park Avenue
One Atlantic Center                                  New York, NY 10022
1201 West Peachtree Street                       Tel: 212-230-8800
Suite 2800                                                Fax: 212-230-8888
Atlanta, Georgia 30309-3450                      douglas.curtis@wilmerhale.com
Tel: 404-736-7800                                    justina.geraci@wilmerhale.com
Fax: 404-682-7800
christopher.campbell@dlapiper.com          Attorneys for Defendant LivePerson, Inc.
arthur.brannan@dlapiper.com
anthony.lehman@dlapiper.com

Attorneys for Plaintiff Gregg Freishtat, as       Date:  ___December 3, 2007_____
Shareholders' Representative



Date:  ___December 3, 2007_____

# EXHIBIT A

## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, the undersigned, _____ (print or type name), hereby acknowledge that I have received a copy of the Stipulated Protective Order (the "Order") entered on _____, 2007 in the matter entitled "*Freishtat v. LivePerson, Inc.*, Civil Action No. 1:07-CV-6838-JGK," pending in the United States District Court for the Southern District of New York. My business/residence address is:

_____
_____
_____
_____

I hereby acknowledge that I have read and understand the Order, and agree to (1) be bound by all of the provisions thereof, and (2) submit to the jurisdiction of the United States District Court for the Southern District of New York for purposes of enforcing the Order.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this Agreement was executed on the _____ day of _____, 2007, in the city of _____, state of _____.

_____