## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GREGG FREISHTAT, as<br>Shareholders' Representative,<br><br>Plaintiff,<br><br>v.<br><br>LIVEPERSON, INC.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>) Civil Action No. 07 CV 6838 (JGK)<br>)<br>)<br>)<br>) |

**SHAREHOLDERS' REPRESENTATIVE'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT LIVEPERSON, INC.'S MOTION FOR JUDGMENT ON THE PLEADINGS AND REPLY TO MEMORANDUM OF LAW IN OPPOSITION TO PETITION FOR APPOINTMENT OF ACCOUNTING REFEREE**

Greg Freishtat, as Shareholder's Representative ("Freishtat" or "Shareholders' Representative"), by his undersigned counsel, respectfully submits this memorandum of law in opposition to defendant LivePerson, Inc.'s ("LivePerson") motion for judgment on the pleadings and reply to LivePerson's memorandum of law in opposition to the Shareholders' Representative's petition for appointment of an Accounting Referee.

## I. INTRODUCTION

There currently are two motions/petitions before this Court: (a) LivePerson's motion for judgment on the pleadings; and (b) the Shareholders' Representative's petition for appointment of an Accounting Referee. As more fully set forth below, the Shareholders' Representative contends that, accepting all of the factual allegations in the Complaint as true and drawing all reasonable inferences in the Shareholders' Representative's favor, LivePerson simply cannot sustain its burden of demonstrating that the Shareholders' Representative has failed to state enough facts to state a claim to relief

that is plausible on its face; and, therefore, LivePerson's motion for judgment on the pleadings should be denied. Further, because the express provisions of the parties' Merger Agreement authorize the Court to do so, the Shareholders' Representative respectfully requests that this Court appoint an Accounting Referee.

## II. <u>FACTUAL BACKGROUND</u>

Proficient Systems, Inc. ("Proficient") was an Atlanta-based provider of hosted proactive chat solutions that help companies generate revenue on their websites. The Proficient solution utilizes sophisticated data mining algorithms to track and analyze the behavior of web site visitors in real time, and then intelligently approaches visitors with the appropriate sales or service professional based on the company's specific business objectives. This real-time data mining engine determines the most valuable customers and engages them with chat and collaboration technologies, allowing companies to experience increased revenue, improved productivity and enhanced customer satisfaction. *See* Complaint for Declaratory Judgment, Injunctive Relief and Damages ("Complaint") ¶6.

LivePerson is a provider of online conversation solutions. Its hosted software enables companies to identify and proactively engage online visitors to increase sales, satisfaction and loyalty while reducing service costs. *See* Complaint ¶5.

On or about June 22, 2006, LivePerson, SOHO Acquisition Corp., Proficient and Freishtat, as agent and attorney-in fact for each shareholder of the Company, entered into an Agreement and Plan of Merger (the "Merger Agreement").[1] A copy of the Merger Agreement is attached to the Complaint as Exhibit "A." *See* Complaint ¶7.

---

[1] Capitalized terms not otherwise defined in this Motion shall have the meaning ascribed to such terms in the Merger Agreement (defined below).

Pursuant to the Merger Agreement, LivePerson acquired all of the outstanding capital stock of Proficient in exchange for, among other things, 2 million shares of LivePerson common stock to be paid at closing, consisting of the Initial Merger Consideration and the Indemnity Escrow Fund (each adjusted per the terms of the Merger Agreement), together with up to 2.05 million shares of Parent Common Stock based on the achievement of certain revenue targets following the closing of the transaction (the "Earn-Out Merger Consideration").  *See* Complaint ¶8.

The Earn-Out Merger Consideration was to be paid to the Proficient Shareholders in accordance with the provisions of Section 2.04(b) of the Merger Agreement by no later than May 15, 2007 (the "Earn-Out Payment Date").  On or before the Earn-out Payment Date, LivePerson was required to provide the Shareholders' Representative a memorandum "specifying in reasonable detail (i) the calculation of Net Annualized Revenue, and (ii) the amount of the Earn-Out Payment, if any, due to the Shareholders" (the "Earn-Out Notice"). *See* Merger Agreement, § 2.04(b)(iii); Complaint ¶11.

LivePerson provided the Shareholders' Representative with the Earn-Out Notice, which was received on May 11, 2007.  The Earn-Out Notice furnished by LivePerson stated that, "[t]he amount of the Net Annualized Revenue is $3,368,108," and "[t]he amount of the Earn-Out Payment due to the Shareholders is 1,132,341 shares of Parent Common Stock." *See* Earn-Out Notice, which is attached to the Complaint as Exhibit "B;" Complaint ¶14. LivePerson subsequently delivered the amount of shares of Parent Common Stock reflected in the Earn-Out Notice to the Shareholders Representative.  *See* Complaint ¶15.

The Merger Agreement provided for a Review Period during which the Shareholders' Representative had the right to request and promptly receive "all

documentation and records used in, or that reasonably should have been considered for use in, the preparation of the Earn-Out Notice . . . . ("Supporting Documentation").[2]  *See* Merger Agreement, §2.04(b)(iv); Complaint ¶17.  As alleged with considerable detail in paragraphs 19 through 33 of the Complaint (and the Exhibits referenced thereto), however, LivePerson failed or refused to provide the Shareholders' Representative with requested Supporting Documentation.  *See* Complaint ¶¶ 19 through 33, and various letters attached as exhibits thereto.

The Merger Agreement further provides that, "[a]t any time during the Review Period, the Shareholders' Representative shall have the right to object in writing to any item (or any calculation thereof) on the Earn-Out Notice (an "*Earn-Out Dispute Notice*")."  *See* Merger Agreement, §2.04(b)(v) (emphasis in original); Complaint ¶18. Thus, on July 9, 2007, the Shareholders' Representative delivered an Earn-Out Dispute Notice to LivePerson, claiming that the Earn-Out Payment made by LivePerson was at least 844,823 shares of LivePerson common stock less than it should have been.  *See* Complaint ¶¶ 34 and 35.  Based on the $5.62 per share closing price of LivePerson's common stock as of May 11, 2007, the remaining balance of the Earn-Out Merger Consideration owed to the Shareholders has a value of at least $4.7 million.  *See* Complaint ¶¶ 16 and 35.

---

[2] The full text of Section 2.04(b)(iv) of the Merger Agreement is as follows:

> During a period beginning on the Earn-Out Payment Date and ending two months thereafter (the "***Review Period***"), the Shareholders' Representative shall have the right to request and promptly receive all documentation and records used in, or that reasonably should have been considered for use in, the preparation of any Earn-Out Notice, including, but not limited to, copies of all contracts with Company Existing Customers, Company Business Development Customers and Company Pipeline Customers and related agreements, documentation and payments to Parent, Company or any of their respective Affiliates ("***Supporting Documentation***").

*See* Merger Agreement §2.04(b)(iv (emphasis in original); Complaint ¶17.

## III.  <u>PROCEDURAL BACKGROUND</u>

On July 30, 2007, as a result of LivePerson's failure and/or refusal to provide Supporting Documentation to him, the Shareholders' Representative filed a three-count Complaint, seeking the following relief:  (a) a judgment declaring that the information and documentation requested by the Shareholders' Representative constitute Supporting Documentation as that term is defined pursuant to Section 2.04(b)(iv) of the Merger Agreement and that LivePerson is obligated pursuant to the terms of the Merger Agreement to promptly provide the requested Supporting Documentation to the Shareholders' Representative;  (b) an order requiring LivePerson to promptly provide the requested Supporting Documentation to the Shareholders' Representative and enjoining LivePerson from submitting any accounting issues that are in dispute to an Accounting Referee until fifteen (15) Business Days following delivery of all requested Supporting Documentation to the Shareholders' Representative;[3] and, (c) a judgment against LivePerson for damages resulting from its numerous breaches of the Merger Agreement.

The Shareholders' Representative included his breach of contract claim in the Complaint because he was required to do so.  Under New York law, had he failed to include his breach of contract claim at Count III of the Complaint and then been awarded the declaratory and injunctive relief sought in Counts I and II of the Complaint, the

---

[3] LivePerson's Memorandum of Law repeatedly mischaracterizes the relief sought by the Shareholders' Representative.  *See* LivePerson's Memorandum of Law, p. 2 n. 2 and p. 9.  The actual language in the Complaint is as follows:  "Mr. Freishtat respectfully requests that this Court enter an order . . . that:

> …
> (b) enjoins LivePerson from submitting any accounting issues that are in dispute to an Accounting Referee <u>until fifteen (15) Business Days following delivery of all requested information and documentation to the Shareholders' Representative</u>; and,
> …

*See* Complaint, Count II *ad damnum* clause (underlining added).

Shareholders' Representative would have been precluded from later seeking damages from LivePerson for its failure to pay the remaining balance of the Earn-Out Merger Consideration to the Shareholders. *See Giannone v. York Tape & Label, Inc.*, 2007 WL 1521500 (E.D.N.Y. May 23, 2007) ("In sum, it is clear that, where, as here, plaintiff sought an injunction in addition to declaratory relief in the first action, plaintiff is barred in this second lawsuit from seeking further coercive relief, such as damages, by the doctrine of *res judicata*").

On August 17, LivePerson served its Answer, Affirmative Defenses and Counterclaim of Defendant LivePerson, Inc. ("LivePerson's Answer, Affirmative Defenses and Counterclaim") and, on September 6, 2007, the Shareholders' Representative filed the Reply of Plaintiff Gregg Freishtat to Defendant LivePerson, Inc.'s Counterclaim.

On December 3, 2007, the Shareholders' Representative served its Petition for Appointment of Accounting Referee and Memorandum in Support Thereof. And, on December 5, 2007, LivePerson served Defendant's Notice of Motion for Judgment on the Pleadings and related Memorandum of Law in Support of Defendant LivePerson, Inc.'s Motion for Judgment on the Pleadings and in Opposition to Plaintiff's Petition for Appointment of Accounting Referee ("LivePerson's Memorandum of Law"),[4] essentially arguing that:

---

[4] LivePerson's Memorandum of Law contains numerous mischaracterizations and inaccuracies, including, among other things, statements concerning the nature and extent of the information and documentation requested by the Shareholders' Representative (and its expert consultant) and provided by LivePerson, the nature and extent of LivePerson's cooperation, the nature and content of discussions among counsel for the parties, etc. Because LivePerson seeks a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c), however, the Shareholders' Representative will limit its argument to the allegations contained in the pleadings and exhibits attached thereto.

1.     The Merger Agreement expressly requires or mandates that the Shareholders' Representative submit the earn-out dispute to an Accounting Referee pursuant to Section 2.04(b)(v) of the Merger Agreement before pursuing litigation pursuant to Section 11.05 of the Merger Agreement, *see* LivePerson's Memorandum of Law, pp. 2 and 5;

2.     The Shareholders' Representative materially breached the Merger Agreement by commencing this lawsuit before submitting this dispute to an Accounting Referee, *see* LivePerson's Memorandum of Law, p. 8;

3.     As a result, the Shareholders' Representative did not, and cannot, allege that he adequately performed under the  Merger Agreement, *see* LivePerson's Memorandum of Law, p. 8; and,

4.     Therefore, the Shareholders' Representative is precluded from seeking relief from this Court.  *See* LivePerson's Memorandum of Law, p.8.

## IV.  ARGUMENT

### A.     Standard for Motion for Judgment on the Pleadings.

When considering LivePerson's motion for judgment on the pleadings, the Court must determine whether, accepting the factual allegations contained in the Shareholders' Complaint and exhibits thereto as true and drawing all reasonable inferences in the Shareholders' Representative's favor, the Shareholder's Representative has stated "enough facts to state a claim to relief that is plausible on its face."  *See Maloney v. County of Nassau*, 2007 WL 2815811, at *5 (E.D.N.Y., Spet. 25, 2005) (citing *Twombly v. Bell Atlantic Corp.*, --- U.S. ----, ----, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007).  As more fully explained in *Maloney*:

> In deciding a motion for judgment on the pleadings pursuant to Rule 12(c), courts apply the same standard that is used to decide a motion to dismiss under Rule 12(b)(6). *See Greco v. Trauner, Cohen & Thomas, L.L.P.,* 412 F.3d 360, 363 (2d Cir. 2005); *Sheppard v. Beerman,* 18 F.3d 147, 150 (2d Cir. 1994). In considering a motion to dismiss pursuant to Rule 12(b)(6), a court must accept all of the factual allegations in the complaint as true and must draw all reasonable inferences in the plaintiff's favor. *See Erickson v. Pardus,* --- U.S. ----, ----, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); *Ofori-Tenkorang v. Am. Int'l Group, Inc.,* 460 F.3d 296, 298 (2d Cir. 2006). A court must then determine whether a plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Twombly v. BellAtlantic Corp.,* --- U.S. ----, ----, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007).

*Id*.

## B.    <u>LivePerson's Motion for Judgment on the Pleadings</u>

LivePerson is not entitled to judgment on the pleadings in this case. The Shareholder's Representative has proceeded in a manner consistent with his rights both pursuant to the Merger Agreement and under New York law to fulfill his obligations to the Proficient Shareholders and to gain access to requested Supporting Documentation in the possession of LivePerson. Contrary to the position asserted by LivePerson, and as explained more fully below, the Merger Agreement does not require the Shareholders' Representative to submit the earn-out dispute to an Accounting Referee before pursuing litigation directed at obtaining requested Supporting Documentation or otherwise. Further, the Shareholders' Representative did not materially breach the Merger Agreement, and to the extent any condition precedent to commencing a lawsuit somehow exists, the Shareholders' Representative have sufficiently pleaded that all conditions precedent have been performed or have occurred or, in the alternative, that such performance has been excused. Consequently, this Court should deny LivePerson's motion for judgment on the pleadings.

1.    **The Merger Agreement does not expressly require or mandate that the Shareholders' Representative submit the earn-out dispute to an Accounting Referee before pursuing litigation.**

The Shareholders' Representatives has always intended to submit any earn-out dispute to an Accounting Referee. *See* Complaint ¶¶ 36, 44, 48 and Count II *ad damnum* clause. As evidenced by the Complaint, the Shareholders' Representative simply wanted to obtain the requested Supporting Documentation to which he is entitled pursuant to the Merger Agreement before doing so. As a result, because LivePerson took the position that the requested information and documents did not constitute Supporting Documentation and either failed or refused to provide it to him, the Shareholders' Representative commenced this lawsuit in an effort to obtain the requested Supporting Documentation. LivePerson now argues that doing so somehow violates the terms of the Merger Agreement.

Contrary to LivePerson's assertions, however, neither Section 2.04(b)(v) nor Section 11.05 of the Merger Agreement requires that the Shareholders' Representative submit the earn-out dispute to an Accounting Referee before pursuing litigation. Section 2.04(b)(v) of the Merger Agreement clearly states, in relevant part, that:

> (v)    At any time during the Review Period the Shareholders' Representative shall have the right to object in writing to any item (or any calculation thereof) on the Earn-Out Notice (an "***Earn-Out Dispute Notice***"). If the Shareholders' Representative delivers an Earn-Out Dispute Notice to Parent, the Shareholders' Representative and Parent shall first endeavor to resolve the dispute between themselves. If the Shareholders' Representative and Parent are unable to resolve the dispute within fifteen (15) Business Days of delivery of the Earn-Out Dispute Notice to Parent, the dispute shall be submitted to a firm of regionally or nationally recognized certified public accountants, or any other party acceptable to both parties (an "***Accounting Referee***"). If the parties cannot agree upon the Accounting Referee within ten (10) calendar days of the conclusion of the foregoing 15 Business Day period, each party shall have the right to petition courts within the State of New York, County of New York or the United States District Court

> for the Southern District of New York to so appoint an
> Accounting Referee.  The Accounting Referee shall use its best
> efforts to resolve the dispute within thirty (30) calendar days of
> the date such matter was submitted to it.

*See* Merger Agreement §2.04(b)(v).  Thus, Section 2.04(b)(v) of the Merger Agreement requires only that, if the parties are unable to resolve the dispute within fifteen (15) Business Days of delivery of the Earn-Out Dispute Notice, the dispute shall be submitted to an Accounting Referee.

Further, despite LivePerson's attempt to falsely create the impression that the Merger Agreement specifically limits the time within which the dispute must be submitted to the Accounting Referee by mischaracterizing the provisions of Section 2.04(b)(v) of the Merger Agreement, *see* LivePerson's Memorandum of Law, p. 2 ("Pursuant to [Section 2.04(b)(v) of the Merger Agreement], all disputes were to be submitted within a 15-day window to a reputable accounting referee"); neither this Section of the Merger Agreement nor any other Section of the Merger Agreement speaks to the time within which the Shareholders' Representative must submit a dispute to an Accounting Referee.

Further, again contrary to LivePerson's contentions, *see* LivePerson's Memorandum of Law, p. 2 ("Under the Agreement…, it was nevertheless mandatory that [the accounting referee process] be pursued *before* resorting to litigation") (italics in original); and p. 5 ("…the Merger Agreement contemplates an explicit, mandatory method for resolution of such disputes *before* they can be brought before the court …") (italics in original); neither Section 2.04(b)(v), Section 11.05 nor any other Section of the Merger Agreement requires or mandates that the Shareholders' Representative submit any dispute to an Accounting Referee before seeking relief from this Court.  The Shareholders' Representative, when faced with LivePerson's refusal and/or failure to provide him with the requested Supporting

Documentation that he was entitled to receive pursuant to the terms of the Merger

Agreement *before* submitting the dispute to an Accounting Referee, sought relief from this

Court—as he is entitled to do.

> **2.    The Shareholders' Representative did not materially breach the Merger Agreement by filing suit before submitting the dispute to an Accounting Referee.**

As explained above, the Merger Agreement does not preclude or prohibit

the Shareholders' Representative from seeking relief from this Court.  Even if it

did, however, the Shareholders' Representative's election to commence this

lawsuit in an effort to obtain the Supporting Documentation that it is entitled to

receive pursuant to Section 2.04(b)(iv) of the Merger Agreement certainly would

not constitute a material breach of that agreement.  As the Second Circuit court

of Appeals stated in *Frank Felix Associates, Ltd. v. Austin Drugs, Inc.*,

> Under New York law, for a breach of a contract to be material, it must "go to the root of the agreement between the parties."  *See Septembertide Pub., V.B. v. Stein and Day, Inc.,* 884 F.2d 675, 678 (2d Cir. 1989) (citing *Canfield v. Reynolds,* 631 F.2d 169, 178 (2d Cir. 1980)).  A party's obligation to perform under a contract is only excused where the other party's breach of the contract is so substantial that it defeats the object of the parties in making the contract.  *See Babylon Assocs. V. County of Suffolk,* 101 A.D.2d 207, 215, 475 N.Y.S.2d 869, 874 (2d Dep't. 1984) (citing *Cullanan v. Powers*, 199 N.Y. 268, 284, 92 N.E. 747, 752 (1910)).

111 F. 3d 284, 289 (2d Cir. 1997).

Here, the "root of the agreement between the parties" principally concerns

LivePerson's acquisition of all of  the outstanding capital stock of Proficient in exchange

for the Aggregate Merger Consideration, which includes, among other things, the Earn-

Out Merger Consideration.  Assuming for the sake of argument that the Shareholders'

Representative somehow may have technically "breached" the Merger Agreement, which

it did not, then such breach certainly would not rise to the level of a "breach of the contract [] so substantial that it defeats the object of the parties in making the contact." *Id.*

In fact, the opposite would be true. To excuse LivePerson from its obligation under the Merger Agreement to pay the remaining balance of the Earn-Out Merger Consideration owed to the Shareholders would go straight to the root of the Merger Agreement and would defeat the very object of the parties in making that agreement.

Moreover, as noted in LivePerson's Memorandum of Law, this Court should consider various circumstances when determining whether a breach is material. These circumstances include, among others, "the extent to which the injured party will be deprived of the benefit which [it] reasonably expected" and "the extent to which the party failing to perform or offer to perform will suffer forfeiture." *See* Restatement (second) of Contracts §241(a) (1981).

The Shareholders' Representative's commencement of this lawsuit has not deprived LivePerson of any benefit that it reasonably could have expected. The Merger Agreement contemplates that all Supporting Documentation would be provided to the Shareholders' Representative *before* the earn-out dispute is submitted to an Accounting Referee and both LivePerson and the Shareholders' Representative reasonably should have expected that this is what would occur. In fact, allowing LivePerson to withhold the requested Supporting Documentation without the Shareholders' Representative having any recourse to obtain that information and documentation would deprive the Shareholders' Representative--rather than LivePerson--of the benefit that it reasonably expected.

If it were to be determined that the Shareholders' Representative should have submitted the earn-out dispute to an Accounting Referee before commencing this lawsuit and that such a delay was in fact a "material" breach of the Merger Agreement, then the Shareholders would have no right whatsoever to recover the remaining balance of the earn-Out Merger Consideration--which as noted above has a value of at least $4.7 million.  This would constitute a forfeiture in the truest sense by the Shareholders and should weigh heavily in favor of determining that any delay in  submitting the earn-out dispute to an Accounting Referee is not a "material" breach of the Merger Agreement.

> **3.     The Shareholders' Representative has alleged that he adequately performed under the Merger Agreement.**

As noted above, the Shareholders' Representative did not breach the Merger Agreement by commencing this lawsuit to seek, among other things, the requested Supporting Documentation *before* proceeding with the Accounting Referee process. LivePerson, however, apparently contends that submitting the dispute to an Accounting Referee is a condition precedent to filing suit, *see* LivePerson's Memorandum of Law, p. 7 ("[The Shareholders' Representative] filed this action with complete disregard for ['the conditions precedent of Section 2.04(b)(v)']…"); and that the Shareholders' Representative "therefore does not, and cannot, allege that he himself adequately performed under the Merger Agreement."  *See* LivePerson's Memorandum of Law, p. 8.

Although, as fully explained above, he does not agree that he was required to submit the dispute to an Accounting Referee prior to commencing this action or that any such requirement would rise to the level of a condition precedent, the Shareholders' Representative would note that the Complaint does sufficiently plead that "[a]ll conditions precedent have been performed or have occurred."  *See* Complaint ¶ 37; Fed.

R. Civ. P. 9(c) ("In pleading the performance or occurrence of conditions precedent, it is sufficient to aver generally that all conditions precedent have been performed or have occurred").[5]

Further, LivePerson's own conduct--failing and/or refusing to provide requested Supporting Documentation to the Shareholders' Representative during the contractually-specified Review Period--effectively frustrated the ability of the Shareholders' Representative to obtain the documentation he is contractually entitled to receive before proceeding with the Accounting Referee process, which is precisely why he commenced this lawsuit. And, to the extent that LivePerson's own conduct, as outlined in great detail in the Complaint, has frustrated the timely submission of the dispute to an Accounting Referee, then LivePerson necessarily is barred from claiming that the Shareholders' Representative failed to satisfy some condition precedent by not submitting the dispute to an Accounting Referee before commencing this lawsuit. *See, e.g., In Re Food Management Group, LLC, et al.*, 372 B.R. 171, 192-194 (S.D.N.Y. 2007). From the outset, the Shareholders' Representative simply has sought to obtain the requested Supporting Documentation to which it is entitled so that he could "fulfill his obligation to properly, fully and fairly represent the interests of the Shareholders in connection with the possible submission of disputes concerning accounting issues to an Accounting Referee." *See* Complaint ¶¶ 44 and 48. Thus, in the event this Court were to determine that submission of the earn-out dispute to an Accounting Referee is a condition precedent

---

[5] It is LivePerson—and not the Shareholders' Representative—who failed to comply with the requirements of Fed. R. Civ. P. 9(c), which require that a denial of the performance or occurrence of a condition precedent be made specifically and with particularity, when it merely denied the Shareholders' Representative's allegations set forth in paragraph 37 of the Complaint. *See* LivePerson's Answer, Affirmative Defenses and Counterclaim ¶ 37. *See also Fort Howard Paper Co. v. Standard Havens, Inc.*, 119 F.R.D. 397, 405 (E.D. Wis. 1988)("Under Rule 9(c), a denial of a condition precedent that is not made specifically and with particularity must be stricken").

to filing suit, then taking all allegations of the Complaint as true and drawing all inferences in his favor, the Shareholders' Representative would be excused from having to perform this condition precedent because of LivePerson's conduct.

**4.    The Shareholders' Representative is entitled to seek relief from this Court.**

As more fully explained above, the Merger Agreement did not require the Shareholders' Representative to submit the earn-out dispute to an Accounting Referee before commencing this lawsuit.  Further, to the extent any such requirement somehow could be read into the Merger Agreement, any delay on the part of the Shareholders' Representative in submitting the earn-out dispute to an Accounting Referee should not be determined to be a "material" breach.  And, finally, the Shareholders' Representative sufficiently pleaded that he adequately performed under the Merger Agreement or, in the alternative, that he was excused from doing so by LivePerson's own conduct.

Thus, accepting all of the factual allegations in the Complaint (and exhibits attached thereto) as true and drawing all reasonable inferences in the Shareholders' Representative's favor, the Shareholders' Representative has at least stated "enough facts to state a claim to relief that is plausible on its face."  *See Maloney v. County of Nassau*, 2007 WL 2815811, at *5 (E.D.N.Y., Spet. 25, 2005) (citing *Twombly v. Bell Atlantic Corp*., --- U.S. ----, ----, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007).  Consequently, LivePerson has failed to meet its burden and LivePerson's motion for judgment on the pleadings should be denied.

**C.    Petition for Appointment of Accounting Referee**

As set forth above, the Shareholders' Representative was not required by the terms of the Merger Agreement to submit the earn-out dispute to an Accounting Referee before commencing this action.  And, even if the Merger Agreement somehow could be read to

include such a requirement, the Shareholders' Representative would be excused from doing

so because LivePerson failed and/or refused to provide the requested Supporting

Documentation to the Shareholders' Representative, effectively frustrating his ability to

pursue the Accounting Referee process.  Accordingly, the fact that the Shareholders'

Representative commenced this lawsuit in an effort to obtain the requested Supporting

Documentation should not bar or prevent him from seeking the appointment of an

Accounting Referee by this Court.  *See* Merger Agreement, §2.40(b)(v) ("If the parties

cannot agree upon the Accounting Referee within ten (10) calendar days of the conclusion

of the foregoing 15 Business Day period, each party shall have the right to petition … the

United States District Court for the Southern District of New York to so appoint an

Accounting Referee").  Consequently, consistent with the provisions of Section 2.04(b)(v)

of the Merger Agreement, this Court should appoint an Accounting Referee.

**D.    LivePerson's Request for Stay of Discovery**

In LivePerson's Memorandum of Law, LivePerson requested that the Court stay

discovery in this case until its motion for judgment on the pleadings has been fully briefed,

heard and decided.  *See* LivePerson's Memorandum of Law, p. 9.  During the December 6,

2007, Case Management Conference, the parties agreed that LivePerson would have

through and including January 31, 2008, within which to respond to Plaintiff Gregg

Freishtat's First Request for Production of Documents to Defendant LivePerson, Inc.

Further, as determined at the Case Management Conference, a hearing on the parties'

pending motions will be held on January 18, 2007.  Accordingly, a stay of discovery is not

necessary.

## V. <u>CONCLUSION</u>

For all of the foregoing reasons, this Court should (a) deny LivePerson's Motion for

Judgment on the Pleadings so that the earn-out dispute can be decided on its merits, and (b)

appoint an Accounting Referee to make non-binding determinations as specified in Section

2.04(b)(v) of the Merger Agreement.

Respectfully submitted, this 19th day of December, 2007.

**DLA PIPER US LLP**


/s/ Arthur D. Brannan
Arthur D. Brannan, Esq.
  (admitted *pro hac vice*)
Anthony D. Lehman, Esq.
  (admitted *pro hac vice*)

1201 West Peachtree Street, Suite 2800
Atlanta, Georgia 30309-3450
Telephone:    (404) 736-7800
Facsimile:    (404) 682-7800
arthur.brannan@dlapiper.com
anthony.lehman@dlapiper.com

Of Counsel:

Christopher G. Campbell (CC 3940)
1251 Avenue of the Americas, 27th Floor
New York, New York 10020-1104
Telephone:    (212) 335-4500
Facsimile:    (212) 335-4501

1201 West Peachtree Street
Suite 2800
Atlanta, Georgia 30309-3450
Telephone:    (404) 736-7800
Facsimile:    (404) 682-7800
christopher.campbell@dlapiper.com

*Attorneys for Plaintiff,*
  *Gregg Freishtat, as Shareholders' Representative*

## CERTIFICATE OF SERVICE

I hereby certify that on December 19, 2007, I electronically filed a correct copy of the foregoing SHAREHOLDERS' REPRESENTATIVE'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT LIVEPERSON, INC.'S MOTION FOR JUDGMENT ON THE PLEADINGS AND REPLY TO MEMORANDUM OF LAW IN OPPOSITION TO PETITION FOR APPOINTMENT OF ACCOUNTING REFEREE with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the following:

> Douglas Curtis
> Brian B. Margolis
> Justina L. Geraci
> WILMER CUTLER PICKERING
> HALE AND DORR LLP
> 399 Park Avenue
> New York, NY 10022

> /s/ Arthur D. Brannan
> Arthur D. Brannan

4404075